FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 21, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ZACHARY WILLIAM WOOD,<br><br>Defendant. | Nos. 2:23-CR-00104-MKD-1<br><br>ORDER FOLLOWING DETENTION REVIEW HEARING AND DENYING DEFENDANT'S MOTION<br><br>**MOTION DENIED**<br>**(ECF NO. 18)** |

On November 16, 2023, the Court held a detention review hearing to consider ZACHARY WILLIAM WOOD'S Motion to Reopen Detention Hearing. **ECF No. 18**. Defendant appeared in custody represented by court-appointed counsel Frank Cikutovich. Assistant U.S. Attorney Rebecca Perez represented the United States. U.S. Probation Officer Patrick J. Dennis was also present.

## I.    DETENTION REVIEW HEARING

Defendant initially waived his right to a detention hearing. ECF No. 14. Defendant now seeks to reopen the question of detention and the Court finds that Defendant's Motion to Reopen Detention Hearing, ECF No. 18, constitutes a sufficient basis to reopen the question of detention pursuant to 18 U.S.C. § 3142(f) and conduct a detention hearing. Specifically, Defendant proffers a release plan wherein he would attend inpatient substance abuse treatment at Pioneer Center East on November 21, 2023. ECF No. 18.

ORDER - 1

Defendant, through counsel, made proffers in support of Defendant's release to Pioneer Center East for inpatient substance abuse treatment on November 21, 2023. Defendant noted is relatively young age and need for substance abuse treatment. Defendant contended inpatient substance abuse treatment along with any other conditions the Court may impose would reasonably assure Defendant's appearance as required and/or safety of any other person and the community.

The United States proffered the Pretrial Services Report and noted Defendant's criminal history includes convictions for violence (third degree assault), attempting to elude law enforcement, and firearm possession. The Government contended there are no conditions that the Court could impose that would reasonably assure Defendant's appearance as required and/or safety of any other person and the community. The United States further noted the recommendation against release from United States Probation.

## II.   APPLICATION OF THE BAIL REFORM ACT

### A.   The Bail Reform Act Generally.

The Bail Reform Act, 18 U.S.C. §§ 3141–3150, 3156, governs detention pending trial and provides that a defendant shall be released unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e); *see also United States v. Gebro*, 948 F. 2d 1118, 1121 (9th Cir. 1991); *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985). Absent a statutory presumption of detention, the burden of proof to support a motion for detention rests with the United States, which must establish a defendant's risk of nonappearance by a preponderance of the evidence and a defendant's dangerousness to the community or any other person by the higher standard of clear and convincing evidence. *Motamedi*, 767 F.2d at 1406–07. Here,

ORDER - 2

the United States may seek Defendant's detention because this case involves a specified crime under the Controlled Substances Act. *See* ECF No. 81, 83; 18 U.S.C. § 3142(f)(1)(C).

To guide the Court's determination as to whether there are conditions of release that will reasonably assure Defendant's appearance and the safety of the community, the Court has considered: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against Defendant; 3) Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, and whether Defendant was under supervision at the time of the alleged offense; and, 4) the nature and seriousness of the danger to the community posed by Defendant's release. *See* 18 U.S.C. § 3142(g).

**B.     Rebuttable Presumption of Detention.**

The United States has invoked a rebuttable presumption of detention pursuant to 18 U.S.C. § 3142(e)(3)(A), asserting this case involves an offense under the Controlled Substances Act for which the maximum penalty is ten years or more in prison. *See* ECF No. 7 at 3. In a presumption case, the Court presumes "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" if there is probable cause to believe that the person committed a qualifying offense. 18 U.S.C. § 3142(e)(3). The Court agrees that the rebuttable presumption applies in the instant case pursuant to 18 U.S.C. § 3142(e)(3)(A). *See* ECF No. 1, 3.

Although the presumption of detention shifts the burden of production to Defendant, the ultimate burden of persuasion on Defendant's flight risk and danger

ORDER - 3

to the community remains with the Government. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). When a defendant presents evidence to rebut the presumption arising under 18 U.S.C. § 3142(e)(3), the presumption itself still mitigates against the defendant's release, and is "to be weighed along with other evidence relevant to factors listed in § 3142(g)." *Id*. (quoting *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)).

Here, Defendant proffered that he would attend inpatient substance abuse treatment if released and that substance abuse treatment would assist in his ability to prepare a defense. The Court has analyzed and considered the 18 U.S.C. § 3142(g) factors as set forth below. After careful consideration, the Court finds Defendant's proffer is insufficient to overcome the presumption of detention.[1]

C.   **Nature and Circumstances of the Charged Offenses.**

While the Bail Reform Act does not abrogate Defendant's presumption of innocence and the Court presumes Defendant's innocence, the nature and circumstances of the charged offenses are very serious. The allegations in the Indictment carry serious consequences, including a 10-year mandatory minimum term of imprisonment and a maximum term of up to life imprisonment. ECF No. 1, 3. Additionally, as noted above, the offense alleged in the Indictment also triggers a presumption of detention, which even if rebutted, would remain a factor the Court must consider. This factor weighs in favor of detention.

---

[1] If the presumption of detention did not apply, the Court's analysis regarding the 18 U.S.C. § 3142(g) detention factors as set forth herein would still compel the same ultimate result.

ORDER - 4

### D. Weight of the Evidence.

The Court considers the weight of the evidence as the least important factor regarding detention. *See Motamedi*, 767 F.2d at 1407; *United States v. Honeyman*, 470 F.2d 473, 474 (9th Cir. 1972). Based on the Government's proffers, the weight of the evidence against Defendant appears substantial and necessarily sufficient for the Grand Jury to return an Indictment. Based on the current record before the Court, this factor weighs in favor of detention.

### E. Defendant's History and Characteristics.

Defendant's history and characteristics includes numerous law enforcement contacts beginning as juvenile at age 14 and continuing as an adult. ECF No. 8 at 3-6. Defendant's juvenile history includes arrests for two separate very serious law enforcement contacts in Nevada City, California that resulted in "release[]/handled informally" as well as a very serious conviction in Spokane County. *Id*. at 3. Defendant's adult criminal history includes convictions for third degree assault, hit/run accident, and attempt to elude a police vehicle apparently stemming from one incident wherein Defendant dragged a law enforcement officer with Defendant's vehicle during a traffic stop and then fled police at high speed after the officer freed himself from Defendant's vehicle; a separate conviction for second degree possession of a firearm; and convictions for several other driving offenses. *Id*. at 4-6. Defendant's most recent conviction (second degree possession of a firearm) occurred in January 2023. *Id*. at 6. Accordingly, while Defendant is only 24 years old, Defendant has received several substantial sentences of incarceration as an adult. Defendant has also failed to appear for court hearings thirteen separate times in relation to certain of the above-noted convictions as well as other charges that were ultimately dismissed. *Id*. at 4-6. This factor weighs in favor of Defendant's detention.

ORDER - 5

**F.    Nature and Seriousness of the Danger to the Community Posed by Defendant's Release.**

Finally, the Court must consider whether Defendant would pose an unacceptable risk to the safety of the community if released.  The allegations in the Indictment are of great concern and involve the alleged conspiracy to distribute both fentanyl and methamphetamine, particularly dangerous controlled substances.  ECF No 1.  Additionally, while Defendant is relatively young, Defendant has accumulated a serious criminal history involving violent and reckless conduct as well the illegal possession of firearms.  Defendant also has a lengthy history of failing to appear for court proceedings.  On the record before the Court, this factor weighs in favor of Defendant's detention.

### III.    ORDER

The Court has reviewed and considered the file in this case, including the Government's Motion for Detention, ECF No. 7; the Pretrial Services Report, ECF No. 8; Defendant's Motion to Reopen Detention, ECF No. 18; and the proffers and arguments of counsel.  Pursuant to 18 U.S.C. § 3142, the Court has also considered:  1) the nature and circumstances of the offense charged; 2) the weight of the evidence against Defendant; 3) Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, and whether Defendant was under supervision at the time of the alleged offense; and, 4) the nature and seriousness of the danger to the community posed by Defendant's release. *See* 18 U.S.C. § 3142(g).  The Court has also considered that a rebuttable presumption of detention applies pursuant to 18 U.S.C. § 3142(e)(3)(A).

ORDER - 6

Based on all of the reasons set forth in this Order and during the hearing, the Court finds that Defendant has failed to overcome the presumption of detention in this case. Additionally, regardless of the presumption of detention, the Court also finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Defendant's appearance at future proceedings and the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons or the community if Defendant is released.

**IT IS ORDERED:**

1. The Defendant's Motion to Reopen Detention, **ECF No. 18,** is **DENIED**. Defendant shall be held in detention pending disposition of this case or until further order of the court.

2. Defendant is committed to the custody of the U.S. Marshal for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

4. If a party seeks reconsideration of Defendant's detention before this Court because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), any such motion shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested. If the moving party, after the exercise of due diligence, is unable to determine the position of any party

listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument.  **Motions in Yakima and Spokane cases shall be heard on the following Wednesday docket**, **and Richland cases shall be heard on the following Thursday docket.**  If the Court determines that oral argument is unnecessary on the motion, the motion shall be set for decision on the Court's 6:30 p.m. docket.

    5.    If a party desires that another Court review this order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington.  Both parties shall cooperate to ensure that the motion is promptly determined.

    **IT IS SO ORDERED**.

    DATED November 21, 2023.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 8